**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

OCT 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERNEST R. CALHOON, | No. 21-35950 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00884-MC |
| v. | |
| RICHARD B. THIEROLF, Jr.; JACOBSON, THIEROLF AND DICKEY P.C.; DOES, 1-100, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted October 16, 2024**

Before:     SILVERMAN, R. NELSON, and MILLER, Circuit Judges.

Ernest R. Calhoon appeals pro se from the district court's judgment dismissing his diversity action alleging various federal and state law claims connected to the estates of his mother and maternal grandparents and the maternal

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

grandparents' guardianship proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on the basis of the applicable statute of limitations and under Federal Rule of Civil Procedure 12(b)(6). *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We affirm.

The district court properly dismissed as time-barred Calhoon's claims on behalf of his mother's and grandparents' estates because Calhoon failed to raise those claims within the applicable limitations period. *See* Or. Rev. Stat. §§ 12.190(1) (stating that limitations period for actions brought after death is within one year of death); 30.075(1) (stating that limitations period for personal injury actions brought after death is within three years of death); 30.020(1) (stating that limitations period for certain wrongful death actions is within three years of death); *see also Mathies v. Hoeck*, 588 P.2d 1, 2-3 (Or. 1978) (explaining that Oregon's general personal injury statute, Or. Rev. Stat. § 12.110(1), provides a two-year limitations period that, in cases of fraud or deceit, "begins to run when the plaintiff knows or should have known of the alleged fraud").

The district court properly dismissed Calhoon's individual claims because Calhoon failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

21-35950

The district court did not abuse its discretion in denying further leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The district court did not abuse its discretion in denying Calhoon's post-judgment motion because Calhoon failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and bases for reconsideration).

The district court did not abuse its discretion in staying discovery pending the outcome of defendants' motion to dismiss. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084, 1093 (9th Cir. 2003) (setting forth standard of review and explaining that "a decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**